## HENNESSEY v. FORTY-SECOND ST., M. & ST. N. AVE. RY. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. STREET RAILROADS—INJURIES TO WORKMAN ON TRACK—EVIDENCE—SUFFICIENCY.

Plaintiff was attending blasting wires, passing them to the foreman, who was beneath the street level, and connecting them with the explosive. He had placed danger flags warning cars to go slowly. Previous to bending over, he looked for approaching cars, and then dropped the wire into the tunnel to the foreman. He was struck by a car which came rapidly along without giving signal or warning before he had recovered the wires. *Held* sufficient to sustain a judgment for plaintiff.

MacLean, J., dissenting.

Appeal from City Court of New York.

Action by William Hennessey against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.

Bernard Vorhaus (Joseph Fischer, of counsel), for respondent.

PER CURIAM. Action for personal injuries. Jury found for plaintiff. Defendant claims that verdict is against the evidence. The plaintiff's testimony shows that he was in the employ of Naughton & Co. in blasting tunnels underneath Broadway. His duties were to attend to the blasting wires and to the battery, passing the wires down to the foreman, who was beneath the street level, and who connected them with the explosive. The plaintiff then connected the wires with the battery, stationed alongside of him, and upon a signal from the foreman set off the blast. In doing this work it was necessary for the plaintiff to watch the man working underneath, and to receive a signal from the foreman before connecting the wires, and when he was putting in the wires he had to bend over the tracks to see that the wires were all right underneath. As usual under such circumstances, plaintiff, on the morning of the accident, had put up seven red flags between the two sets of tracks, indicating danger ahead, and warning the cars to go slowly. On previous occasions, when the plaintiff had done this work, and was in a bending position, the cars came along slowly, and rang the bell, and, when necessary, came to a stop; and, whenever the plaintiff was charging the battery, the car would stop until he got out of the way. On the occasion of the accident plaintiff was engaged in the work at a point between 50 and 75 feet from Fifty-Seventh street on Broadway, and was laying down the wires. He was on the uptown track. While bending, he watched for approaching cars. He looked ahead of him, but did not see any uptown car approaching. He then dropped the wire into the tunnel to the foreman, and, before he had a chance to get the wires out, a

north-bound car came rapidly along, and, without prior signal or warning, struck him, throwing him against a downtown car, which was approaching, which also struck and dragged him. The car that first struck plaintiff was identified by plaintiff's witnesses as a red car of the Forty-Second street line. There was a conflict as to some of the facts, but the jury believed plaintiff, and there is sufficient evidence to sustain the verdict.

Judgment and order affirmed, with costs.

(November 12, 1903.)

MacLEAN, J. (dissenting). From his own account, the plaintiff, stationed and working, as he had been for four months, between the uptown and downtown tracks, upon both which, as he knew, cars were moving with frequency, looked only at the downtown track, and was struck by one of the uptown cars, to which he gave, and had given, no heed. There was room for him between the two. He was struck, it would seem, because he changed his position after the front of the car had passed him, which position the motorman may well have anticipated he would keep, rather than thrust himself into danger. There is only the happening of the accident from which to attribute negligence to the motorman; nothing from which one may infer care on the part of the plaintiff, but enough to show that, instead of being continuously alert, as he was bound to be, when confroned with continuing peril, he was careless, and chiefly brought the harm he suffered upon himself.